UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PHILIP BARBARA, as Preliminary
Executor of the Estate of FRANK BARBARA
a/k/a FRANK J. BARBARA a/k/a
FRANK JOSEPH BARBARA, deceased and
PHILIP BARBARA, Individually,

                                               MEMORANDUM & ORDER

                Plaintiff,        17-CV-1982(JS)(ST)

       -against-

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     David S. Dender, Esq.
                   50 Merrick Road
                   Rockville Centre, New York 11570

                   John Nicholas Miras, Esq.
                   The Bongiorno Law Firm, PLLC
                   1415 Kellum Place, Suite 205
                   Garden City, New York 11530

                   Jonathan Isidor Edelstein, Esq.
                   Edelstein & Grossman
                   501 5th Ave., Suite 514
                   New York, New York 10017

For Government:    Robert B. Kambic, Esq.
                   Diane C. Leonardo-Beckmann, Esq.
                   James H. Knapp, Esq.
                   United States Attorney's Office,
                   Eastern District of New York
                   610 Federal Plaza, 5th Floor
                   Central Islip, New York 11722

SEYBERT, District Judge:

        Defendant the United States of America (the
"Defendant") moves under Federal Rule of Civil Procedure ("FED.
R. CIV. P.") 12(c) for a judgment on the pleadings granting its

motion to dismiss this Federal Tort Claims Act ("FTCA") action. (Def. Mot., D.E. 34; Pl. Cross-Mot., D.E. 36; Dender Decl., D.E. 37; Pl. Opp., D.E. 38; Pl. Ltr. Resp., D.E. 40; Def. Reply, D.E. 41.) In the alternative, Defendant moves for summary judgment under FED. R. CIV. P. 56. (See, Def. Mot.) Plaintiff Philip Barbara ("Plaintiff") brings the action as the Preliminary Executor of the Estate of Frank Barbara (the "Decedent"), formerly a patient at the Department of Veteran Affairs ("VA") Medical Center located in Northport, New York ("Defendant" or "VAMC Northport"). At the time of the Decedent's death, he was under the supervision of a home health aide. VAMC Northport had contracted with a private company, All Metro Health Care Services, Inc. ("All Metro") who provided the home health aide.

The Complaint raises five causes of action: (1) Defendant was negligent in, inter alia, hiring, screening, training, and employing All Metro; (2) Defendant committed medical malpractice in failing to render proper and adequate medical care to the Decedent; (3) Defendant was liable under a theory of respondeat superior; (4) Defendant was negligent in hiring, training, and retaining its own employees, in addition to All Metro and the home health aide who cared for the Decedent; and (5) Defendant was liable for the Decedent's wrongful death. Plaintiff also asks for punitive damages. (See generally Compl., D.E. 1.)

2

Defendant now seeks dismissal, arguing that the Court lacks subject matter jurisdiction because of the FTCA's discretionary function exception.  Defendant also contends that, even if that exception does not apply, sovereign immunity precludes suits against Defendant based on the actions of All Metro, an independent contractor.  Further, Defendant asserts that Plaintiff's failure to submit a certificate of merit with the complaint warrants dismissal of the medical malpractice claim, pursuant to New York State law.  Defendant only addresses punitive damages in its reply.

Plaintiff opposes the motion, but only in part.  He does not oppose the dismissal of the first, second, and fourth causes of action; however, he opposes dismissal of the medical malpractice and wrongful death causes of action.  Plaintiff also cross-moves for an extension of time to file the certificate of merit, nunc pro tunc.  (See Cross Mot.)

For the reasons that follow, Defendant's Rule 12(c) and summary judgment motion is GRANTED in part and DENIED in part and Plaintiff's cross-motion is denied as MOOT.  The parties agree to the dismissal of the first, third, and fourth causes of action and they are therefore DISMISSED.  In addition, Plaintiff's fifth cause of action for wrongful death, seemingly brought under common law, is meritless.  The Court denies the motion with regard to the second cause of action, medical

malpractice, and denies Plaintiff's cross-motion as moot.   The Court declines to rule on punitive damages at this stage of the litigation.

The Court's partial denial of Defendant's motion is without prejudice.   The Parties are therefore directed to meet and confer regarding a briefing schedule as to the potential resubmission of that motion in order to substantively address the medical malpractice and punitive damages issues.

<u>BACKGROUND</u>[1]

I.   <u>The Complaint and Initial Proceedings</u>

Plaintiff brought this action in April 2017.   In the Complaint, Plaintiff alleged that: (1) the Decedent was a patient at VAMC Northport; (2) Defendant contracted with All Metro to provide home health services to New York State residents, which included the Decedent (Compl. ¶¶ 6.1-6.4); (3) Marge Herold ("Herold") was a paraprofessional and/or home health aide who worked for All Metro (Compl. ¶ 6.5); (4) Herold was assigned to care for the Decedent at his home on a daily basis, between 9:00 am and 5:00 pm (Compl. ¶ 6.10); and (5) on June 12, 2014, at approximately 2:00 pm, the Decedent choked to death at his home while under Herold's care and supervision (Compl. ¶ 6.11).

---

[1] The matter was reassigned from the Honorable Arthur D. Spatt to the undersigned on June 30, 2020.

Plaintiff raises five causes of action. First, Defendant was negligent, careless, and reckless in contracting with, screening, hiring, training, and retaining All Metro, because the company and its employees, including Herold, were neither qualified nor capable of providing appropriate medical care (the "First Cause of Action"). (Compl. ¶ 6.15.) Plaintiff further alleges that this negligence inured to the Decedent's detriment, resulting in his death. (Compl. ¶ 6.16.)

Second, Plaintiff argues that Defendant, in particular VAMC Northport and its agents, committed medical malpractice in failing to render proper and adequate medical and hospital care to Decedent in accordance with community standards and elsewhere (the "Second Cause of Action"). (Compl. ¶¶ 6.18-6.33.) Third, Plaintiff contends that Defendant was liable for the acts of Herold and All Metro under a theory of respondeat superior (the "Third Cause of Action"). (Compl. ¶¶ 6.40-6.44.) Fourth, Plaintiff alleges that Defendant negligently hired, trained, and retained its agents, servants, and/or representatives, among them All Metro and including Herold (the "Fourth Cause of Action"). (Compl. ¶¶ 6.45-6.49.) Fifth, Plaintiff asserts a wrongful death claim, alleging that the Decedent died solely as a result of Defendant's negligence and carelessness (the "Fifth Cause of Action"). (Compl. ¶¶ 6.50-6.51.) Plaintiff seeks

compensatory damages, punitive damages, and costs. (Compl. ¶¶ 6.54-7.2.)

Plaintiff alleges that he brought the above-noted claims in an administrative proceeding before the VA in April 2016 and the VA allegedly denied the claims on October 6, 2016. (Compl. ¶ 3.1.)

Defendant answered the Complaint in November 2017. (Answer, D.E. 19.)  The case then proceeded to discovery.

## II.  The Pending Motions

Defendant now moves under Rule 12(c) for judgment on the pleadings, or alternatively, under Rule 56 for summary judgment. (See Def. Mot.)  Plaintiff opposes that motion in part and cross-moves for an extension of time to file the certificate of merit, nunc pro tunc. (Pl. Cross-Mot.) Plaintiff attaches to the motion a proposed certificate of merit. (Pl. Cross-Mot.; Cert. of Merit, D.E. 37-1.)  Those motions are currently before the Court.

## DISCUSSION

Defendant moves to dismiss the action on alternative grounds.  For the reasons that follow, the Court grants the motion for judgment on the pleadings in part and denies the motion in part, without prejudice.  The Court does not reach the

6

punitive damages argument.  As further stated below, the Court denies Plaintiff's cross-motion as moot.

I.   <u>Legal Standard for Rule 12(c)</u>

A Court reviews a Rule 12(c) motion under the same standard as Rule 12(b)(6) motions to dismiss.  <u>See</u> <u>Bank of N.Y. v. First Millennium, Inc.</u>, 607 F.3d 905, 922 (2d Cir. 2010). "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Hayden v. Peterson</u>, 594 F.3d 150, 160 (2d Cir. 2010)).

The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Todd v. Exxon Corp.</u>, 275 F.3d 191, 198 (2d Cir. 2001) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).  "'Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 566 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)).

II.   Application to the Facts of this Case

          Defendant raises the following arguments in support of
its Rule 12(c) motion.   The discretionary function exception to
the FTCA bars Plaintiff's claims.   (Def. Br., D.E. 34-2, at 5-
8.)   Even if that exception did not apply, the doctrine of
sovereign immunity precludes suits against the United States for
injuries caused by an independent contractor such as All Metro.
(Def. Br. at 9-11.)   Plaintiff's failure to file a certificate
of merit warrants dismissal of the medical malpractice claim, as
is required by New York Civil Practice Law and Rules ("CPLR")
§ 3012-a(a)(1).   (Def. Br. at 12-14.)

          Plaintiff does not oppose Defendant's first and second
arguments, and accordingly, it agrees with Defendant that the
Court should dismiss three of its claims: the First, Third, and
Fourth Causes of Action.   (Pl. Opp. at 1.)   These claims are
therefore DISMISSED.   Plaintiff does oppose the dismissal of the
Second Cause of Action and argues that Defendant has made no
arguments concerning the Fifth Cause of Action, as well as the
request for punitive damages; thus, the Court should allow the
wrongful death claim to proceed.   (Pl. Opp. at 9.)

          As to the Second Cause of Action, Plaintiff argues
that the only basis proffered by Defendant for dismissing the
medical malpractice claim is Plaintiff's failure to file the
certificate of merit and that defense was not asserted in the

Answer.   (Pl. Opp. at 2.)   Plaintiff also argues that CPLR § 3012-a does not mandate dismissal for the failure to file the certificate of merit; instead, the proper remedy is a directive to file the certificate.   (Pl. Opp. at 2-6.)   In addition, Plaintiff asserts that the certificate of merit is largely a pro forma document, and that the failure to file it does not prejudice Defendant.   (Pl. Opp. at 6.)

In any event, Plaintiff cross-moves under FED. R. OF CIV. P. 6 for an extension, nunc pro tunc, to file the certificate of merit because the failure to file the certificate was the result of excusable neglect.   (Pl. Opp. at 6-8.) Specifically, the attorney who filed the Complaint did not know that the New York State certificate of merit statute applied to federal law; that inadvertence does not preclude a finding of excusable neglect where the requirement is not provided in any federal statute or rule and requires resort to esoteric case law; that its delay in filing the certificate has not delayed judicial proceedings; and that Plaintiff has litigated the action in good faith.   (Pl. Opp. at 7-8.)

In support, Plaintiff submits a declaration from attorney David Dender ("Dender"), who erroneously neglected to file the certificate of merit.   (Dender Decl.)   Therein, Dender alleges, inter alia, he was in charge of managing Plaintiff's case until he left his law firm in in 2018.   (Dender Decl. ¶ 2.)

Plaintiff also submitted a proposed certificate of merit.  (See Cert. of Merit.)  Plaintiff has subsequently informed the Court of a recent Appellate Division, Second Department decision that supports its position regarding the proper remedy for failure to file a certificate of merit.  (Pl. Ltr. Resp.; Dec. 4, 2019 NYS Appellate Div. Order, D.E. 40-1.)

        In reply, Defendant reiterates that under the FTCA, filing a certificate of merit is a substantive requirement. (Def. Reply at 1.)  It also asserts that: (1) the Dender Declaration notwithstanding, Plaintiff does not explain why he did not file a certificate of merit following Dender's 2018 departure from the law firm; (2) Plaintiff cannot establish excusable neglect in failing to file the certificate of merit for more than two and a half years; and (3) although CPLR § 3012-a does not provide for dismissal as a sanction for failure to file the certificate of merit, a number of courts have held such a consequence to be appropriate. (Def. Reply at 2-7.)

        As to the Fifth Cause of Action, Defendant argues that it had in fact sought for its dismissal when it moved to dismiss the action in its entirety.  (Reply at 4.)  In any event, Defendant asserts that there is no cognizable cause of action for wrongful death in New York State, and that the United States cannot be held liable for punitive damages.

A. As to the First, Third, and Fourth Causes of Action

The parties agree that the Court should dismiss the First, Third, and Fourth Causes of Action and they are therefore DISMISSED with prejudice.

B. As to the Second Cause of Action

The parties raise several arguments as to the Second Cause of Action. The Court addresses each of them in turn. Plaintiff first contends that Defendant failed to raise the certificate of merit issue in its answer, and that this omission estops Defendant from raising the argument now. (Pl. Opp. at 2.) The Court disagrees.

The certificate of merit argument is an affirmative defense, because it is a defendant's assertion of facts and arguments that, if true, would defeat a plaintiff's claim. See United States v. Scully, 877 F.3d 464, 476 (2d Cir. 2017) (An affirmative defense is a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations on the complaint are true." (internal quotation marks and brackets omitted)); see also Jeter v. N.Y. Presbyterian Hosp., 172 A.D.3d 1338, 1339, 101 N.Y.S.3d 411 (2d Dep't 2019) (describing certificate of merit argument as an affirmative defense). A party may raise an affirmative defense for the first time in a Rule 12(c) motion. Davidson v. Cty. of Nassau, No. 18-CV-1182,

2020 WL 956887, at *3 n.3 (E.D.N.Y. Feb. 26, 2020); <u>Arciello v.</u>
<u>Cty. of Nassau</u>, No. 16-CV-3974, 2019 WL 4575145, at *4 (E.D.N.Y.
Sept. 20, 2019) (citing <u>Cowan v. Ernest Codelia, P.C.</u>, 149 F.
Supp. 2d 67, 74 (S.D.N.Y. 2001) (determining that parties
raising <u>res judicata</u> defense for the first time in a Rule 12(c)
motion did "not affect the Court's ability to entertain the <u>res</u>
<u>judicata</u> defense")).

Plaintiff relies on a Supreme Court case, <u>Day v.</u>
<u>McDonough</u>, 547 U.S. 198, 202, 126 S. Ct. 1675, 164 L. Ed. 2d 376
(2006), to argue that, like statutory time limitations, the
defense is waived if defendant fails to raise it in its answer.
(Pl. Opp. at 2.)  This argument fails to persuade, based upon
both the above noted authority on affirmative defenses, as well
as the Supreme Court's holding in <u>Day</u>, which permitted district
courts to consider, <u>sua sponte</u>, the timeliness of a habeas
corpus petition.  <u>Day</u>, 547 U.S. at 207-08, 126 S. Ct. at 1682–
83.  Accordingly, the Court will consider the merits of the
certificate of merit defense.

The next issue for the Court is whether CPLR § 3012-a
mandates dismissal if a party fails to file a certificate of
merit.  Section 3012-a provides that "[i]n any action for
medical, dental or podiatric malpractice, the complaint shall be
accompanied by a certificate, executed by the attorney for the
plaintiff."  As noted by Plaintiff, § 3012-a does not contain

language authorizing a court to dismiss a medical malpractice action for failure to file the certificate of merit.  Rabinovich v. Maimonides Med. Ctr., 179 A.D.3d 88, 95-96, 113 N.Y.S. 3d 198 (2d Dep't 2019) (collecting cases).

In Rabinovich, the most recent state court holding on the issue, the New York Appellate Division, Second Department concluded that a court should not dismiss an action for noncompliance with § 3012-a.  Id. at 96.  Instead, a court, upon finding that the statute applies to a particular action, should provide plaintiffs with the opportunity to comply with § 3012-a. Id.  The court in that case noted that extending the time for the plaintiff to file the certificate of merit was appropriate where nothing in the record reflected that "the plaintiff's attorney's failure to file a certificate of merit was motivated by anything other than a good faith assessment that CPLR 3012-a did not apply to the action."  Id. (granting plaintiff 60 days from the service of the opinion to file the certificate of merit).

This holding comports with recent decisions from Courts in this Circuit, which allow for a party to present excuses for the failure to file a certificate of merit.  See E.L.A. v. Abbott House, No. 16-CV-1688, 2018 WL 3104632, at *3 (S.D.N.Y. Mar. 27, 2018) (declaring that the failure to submit a certificate, without reasons to excuse that failure, warrants a

13

dismissal of the action without prejudice) (citing <u>Crowhurst v.</u> <u>Szczucki</u>, No. 16-CV-00182, 2017 WL 519262, at * 3 (S.D.N.Y. Feb. 8, 2017)); <u>cf.</u> <u>Sanchez v. N.Y. Correct Care Sols. Med.</u> <u>Servs., P.C.</u>, No. 16-CV-6826, 2018 WL 6510759, at *13 (W.D.N.Y. Dec. 11, 2018) ("[T]he mere failure to timely file a certificate of merit does not support dismissal of an action.") (internal quotation marks and citations omitted).  In <u>E.L.A.,</u> the court granted the plaintiff leave to file a certificate of merit, reasoning that "'actions should be considered on their merits, particularly where there is no showing of prejudice suffered by the movant.'"  2018 WL 3104632, at *3 (quoting <u>Torres v. City of</u> <u>N.Y.,</u> 154 F. Supp. 2d 814, 819 (S.D.N.Y. 2001).

Here, the facts support a similar result.  Plaintiff admits that failed to file the certificate of merit and submitted a a sworn statement from counsel that he was unaware that § 3012-a applied to FTCA actions.  (Dender Decl. ¶ 4.)  To the extent that Defendant now claims prejudice for the non-filing, its failure to address the issue in its answer, as well as waiting until the pending motion's reply to raise the issue, undercuts their argument and supports Plaintiff's confusion as to § 3012-a's applicability here.  <u>See</u> <u>1199 SEIU United</u> <u>Healthcare Workers E. v. Alaris Health at Hamilton Park</u>, 809 F. App'x 44, 46-47 (2d Cir. 2020) (summary order); <u>Conn. Bar Ass'n</u> <u>v. United States</u>, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues

raised for the first time in a reply brief are generally deemed waived."). The Government is thus responsible in part for the delay in proceedings it now claims to have caused it harm.

Defendant asserts that Dender's excuse for the non-filing of the certificate of merit, that he didn't know that § 3012-a applied to FTCA actions, is inadequate. (Def. Reply at 5.) The Court acknowledges that Plaintiff's rationale does not rest on particularly strong footing. However, the Court agrees with the <u>E.L.A.</u> premise that where there is no prejudice to the moving party, as is the case here, a court should proceed to determine a claim on the merits. <u>E.L.A.</u>, 2018 WL 3104632, at *6; <u>see</u> <u>Sanchez</u>, 2018 WL 6510759, at *13 (finding dismissal appropriate where "[p]laintiff not only failed to file a certificate of merit along with any of the three versions of the Complaint that have been filed so far, but she also failed to address the deficiency after it was pointed out by [d]efendants and has not offered any explanation").

Based on the foregoing, Defendant's motion as to the Second Cause of action, on both Rule 12(c) and summary judgment grounds is DENIED. As noted by Plaintiff, Defendant did not raise a single substantive basis for dismissing the medical malpractice claim. Accordingly, it shall proceed. In addition, and unlike in <u>E.L.A.</u>, the Court need not order Plaintiff to file the certificate of merit, because Plaintiff has already attached

a proposed certificate of merit to its papers.  The Court hereby accepts the certificate of merit as filed as of the date of this Order.  As such, the Court denies Plaintiff's cross-motion as moot.

As noted above, the Court issues this denial without prejudice to Defendant filing a motion that addresses the merits of the medical malpractice claim.  If Defendant elects to file a motion, the parties shall file a proposed briefing schedule within thirty [30] days of this Order.

C. As to the Fifth Cause of Action

The motion practice between the parties has generated some confusion regarding the Fifth Case of Action.  In the complaint, Plaintiff alleged federal subject matter jurisdiction based only on the FTCA.  (See Compl.)  Defendant, in the pending motion, refers to the Fifth Cause of Action as a "common law" wrongful death claim.  (Def. Br. at 3.)  Plaintiff does not challenge this categorization in his opposition, which Defendant reinforces in its reply.  (Def. Reply at 1-2.)  In addition, Plaintiff did not apply Defendant's multiple FTCA defenses to the Fifth Cause of Action, further supporting the assertion that the cause of action is a common law claim.  Based on these exchanges, the Court interprets the Fifth Case of Action as arising under common law.

This common law claim is unavailing. There is no common law wrongful death cause of action to recover damages in New York, rather, a party can only bring a statutory wrongful death action. See Junger v. Singh, 393 F. Supp. 3d 313, 322 (W.D.N.Y. 2019); Mann v. United States, 300 F. Supp. 3d 411, 421–22 (N.D.N.Y. 2018) ("New York common law does not recognize causes of action to recover damages for wrongful death separate from the statutory cause of action[2] accorded to a decedent's distributees.") (citing Liff v. Schildkrout, 49 N.Y.2d 622, 631–32, 427 N.Y.S.2d 746, 404 N.E.2d 1288 (1980)). The Fifth Cause of Action raises no state statutory grounds in the Complaint. Accordingly, the Court grants Defendant's motion for judgment on the pleadings as to the common law wrongful death claim.

The Court further notes, in the alternative, that the Fifth Cause of Action would fail even if brought under the FTCA. Defendant moved to dismiss the Complaint in its entirety, contending that the discretionary function exemption and sovereign immunity bars the FTCA claims. (Def. Br. at 5–11.) Plaintiff in opposition did not raise any arguments with regard to the Fifth Cause of Action as it pertained to those defenses. The Court thus deems that claim abandoned. See Black Lives Matter v. Town of Clarkstown, 354 F. Supp. 3d 313, 318 n.1 (declining, in Rule 12(b)(6) proceedings, to consider certain

---

[2] N.Y. E.P.T.L. §5-4.1.

17

arguments that the plaintiff failed to address in opposition to a motion to dismiss, on abandonment grounds); Stinnett v. Delta Air Lines, Inc., 278 F. Supp. 3d 599, 617 (E.D.N.Y. 2017) ("Delta moved to dismiss this claim and [p]laintiff neither disputes Delta's arguments, nor defends them in any [ ] way. Where, as here, [p]laintiff fails to address Delta's arguments in her opposition, the Court deems [p]laintiff's silence a concession that [p]laintiff is abandoning her claim.").

    D. As to the Request for Punitive Damages

       The Court declines to deny the request for punitive damages, although it does not rule on whether Plaintiff is entitled to such damages at this early stage of the litigation. The FTCA "'bars the recovery only of what are legally considered punitive damages under traditional common-law principles.'" Malmberg v. United States, 816 F.3d 185, 192 (2d Cir. 2016) (emphasis in original) (quoting Molzof v. United States, 502 U.S. 301, 312, 112 S. Ct. 711, 718, 116 L. Ed. 2d 731 (1992)) (emphasis in original).  The holding in Molzof permits federal courts to consult state law in determining whether it may award punitive damages in an FTCA action.  See Malmberg, 816 F.3d at 192-93 ("Damages in FTCA actions are determined by the law of the state in which the tort occurred.").

       Here, Defendant raised a punitive damages argument for the first time in its reply.  Courts generally do not address

such arguments and the Court sees no reason for departing from that practice here. Brown v. Ionescu, 380 F. App'x 71, 71 n.1 (2d Cir. 2010) (summary order); McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009); Miranda v. S. Country Cnt. Sch. Dist., No. 20-CV-0104, 2020 WL 4287165, at *2 (E.D.N.Y. July 27, 2020). Additionally, Plaintiff does not specify in the Complaint or the opposition its basis for punitive damages for any of its claims, let alone the one for medical malpractice. If Defendant files another motion, the Court encourages the parties to clarify this issue upon resubmission.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's Rule 12(c) motion (D.E. 34) is GRANTED as to the First, Third, Fourth, and Fifth causes of action and these claims are DISMISSED with prejudice. The motion is DENIED as to the Second Cause of Action without prejudice to Defendant filing a motion that addresses the substance of the medical malpractice claim and the request for punitive damages. If Defendant elects to file a motion, the parties shall file a proposed briefing schedule to the docket within thirty [30] days of this Order. Plaintiff's cross-motion (D.E. 36) is DENIED AS MOOT. The Court deems Plaintiff's proposed certificate of merit as to the Second Cause of Action as filed on the date of this Order.

The Clerk of the Court is directed to docket the Certificate of Merit (at D.E. 37-1) on the docket as of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  23 , 2020
       Central Islip, New York